[No. 30940. Department One. August 18, 1949.]

T. J. Golmis *et al.*, *Respondents*, v. C. H. Vlachos *et al.*, *Appellants.*[1]

*Bigelow & Manier*, for appellants.

*Everal Carson*, for respondents.

Hill, J.—This was commenced as an action to foreclose a lien for labor and materials, but the lien was thereafter waived and the case proceeded as an action in debt. Counsel

[1]Reported in 208 P. (2d) 1204.

for appellants in this court did not represent them in the trial below.

Judgment was secured by all plaintiffs against the defendants C. H. Vlachos and Bertha Vlachos individually and against their marital community. Mr. and Mrs. Vlachos appeal.

It is conceded that the entry of judgment against Bertha Vlachos individually was a mistake, and that the judgment should, in any event, be corrected to eliminate any individual liability on her part.

Those assignments of error which raise only questions of fact as to the amounts which the various respondents were entitled to recover will not be discussed. The trial court made its determination on conflicting evidence, and it seems to us that the evidence not only does not preponderate against its findings, but amply supports them. Appellants make the specific claim that the trial court allowed, by oversight, a forty-dollar profit to respondent Golmis on lighting fixtures. An examination of the exhibits discloses that appellants were charged the exact amount of the statement rendered by the company which furnished the lighting fixtures.

An agreement was proved between respondent Golmis and appellant C. H. Vlachos, for labor and material in connection with the remodeling of a building in Vancouver, Washington, purchased by the appellants. Because the material was billed to, and the material and labor were paid for by, checks of the Columbia Allied Products Co., an assumed name under which Mrs. Golmis conducted a business in Portland, Oregon, and because of prior business relationships, appellants urge that Mrs. Golmis was the "real party in interest" under Rem. Rev. Stat., § 179 [P.P.C. § 3-5], and a necessary party plaintiff, and that the action by respondent Golmis should be dismissed because of want of capacity to maintain the action. We find no merit in that contention. The evidence was conclusive that the remodeling agreement was between Golmis and Vlachos, and the manner in which Golmis ordered materials and paid his

bills was no concern of Vlachos if the material was delivered and the work performed.

After the building had been purchased and the remodeling begun, respondent Golmis, in September, 1947, moved certain equipment belonging to Mrs. Golmis, doing business as Columbia Allied Products Co., into the building, to be used in connection with the development work on a new type of automobile which Vlachos had invented. This action was commenced on December 8, 1947, and the equipment belonging to Mrs. Golmis was moved out of the building on December 17, 1947.

Error is assigned in that the trial court refused to permit Vlachos to testify as to the removal by Golmis of property belonging to Vlachos, other than materials for which Vlachos had been charged. We would first point out that the briefs do not indicate where in the statement of facts we could locate the ruling or rulings asserted to be erroneous. Having located it, however, we find that it is summed up in the following colloquy:

"MR. SNIDER: If I understand the Court's ruling correctly the Court is ruling that the items we claim Golmis sold and delivered and he took them into the building, we can use those items as a matter of defense. THE COURT: As a matter of defense. MR. SNIDER: But any other items that might have been taken by breaking and entering, that is not a matter that can be shown here. THE COURT: That is my ruling. MR. SNIDER: We note an exception, and, if that is the Court's ruling we wouldn't go into it."

There was no offer of proof as to the items taken or their value. This apparently was a claim sounding in tort, so it would not come within Rem. Rev. Stat., § 265 [P.P.C. § 85-21], dealing with counterclaims. We have held that a counterclaim arising out of tort cannot be pleaded in an action arising out of contract, or vice versa. *Reichlin v. First Nat. Bank in Montesano*, 184 Wash. 304, 51 P. (2d) 380. Neither was it a "demand of like nature," and clearly the taking, if it occurred, took place on December 17, after the commencement of the action, and therefore it did not come within Rem. Rev. Stat., § 266 [P.P.C. § 95-1], dealing

with set-offs. Appellants cite no authority in support of their contention, and we find no error in the trial court's ruling.

Before the agreement between Golmis and Vlachos relative to the building in Vancouver, Golmis had been doing some work for Vlachos in Portland, in connection with the development of his automobile. Appellants in their brief say that the trial court.

". . . erred in refusing to permit the introduction of testimony concerning property or its value which had been purchased by the Appellants and placed in the possession of the Columbia Allied Products Company or Respondent Golmis prior to the moving of that business from Portland to Vancouver."

Again appellants do not indicate in their brief where in the statement of facts we could locate the ruling asserted to be erroneous. We have read the statement of facts twice and do not find any ruling, except the one heretofore approved, which could be connected with this assignment of error.

Nor do we find any error in the court's failure to allow the appellants any rental for the occupancy of their building by Golmis or the Columbia Allied Products Co.

The trial court apparently accepted the Golmis version of the transaction, i. e., that occupancy of the building in Vancouver was to be without charge, in exchange for the use of Golmis' wife's equipment, brought over from Portland, and his services in the development of the Vlachos car. We say "apparently" because the trial court made no finding on that issue and did not discuss it in its memorandum opinion. But, inasmuch as no credit was allowed for rental, it must be assumed that the court felt the counterclaim for rent had not been established. We would be of the same opinion. (Incidentally, there is no showing that the trial court's attention was ever directed to its failure to express any views or make any findings on that particular issue.)

The foregoing disposes of all the assignments of error. The cause is remanded with instructions to eliminate the

judgment against Bertha Vlachos individually, and in all other respects the judgment is affirmed.

While the appellants have secured the elimination of the judgment against Bertha Vlachos individually, there is nothing to indicate that an appeal was necessary to secure a reformation of the judgment to that extent, as the respondents concede that there should have been no judgment against Mrs. Vlachos individually. The respondents, having prevailed on the contested issues of the appeal, will recover their costs.

JEFFERS, BEALS, STEINERT, and MALLERY, JJ., concur.

---

September 28, 1949. Petition for rehearing denied.